Alfred H. Kleiman, J.
The defendants were arrested on or about July 11, 1974, and charged with assault in the second degree (Penal Law, § 120.05), assault in the third degree (Penal Law, § 120.00), and obstructing governmental administration (Penal Law, § 195.05).
The defendants’ omnibus motion, requesting a bill of particulars, discovery and inspection, suppression of evidence, and for other relief, is decided as hereinafter indicated.
*695 The defendants move for a pretrial hearing on their motion to enjoin the offering of any evidence of the defendants’ prior criminal records or the questioning of the defendants herein as to such prior criminal acts by the People.
In People v Sandoval (34 NY2d 371, 373) the Court of Appeals approved and commented on the procedure by which a defendant may seek to obtain a prospective ruling "limiting the prosecutor’s reference, in cross-examination impeachment of defendant, to prior specific criminal, vicious and immoral acts”. The court stated (p 375) that such determination can be best made by the trial court, and that "in most cases * * * but not necessarily in all cases, a pretrial motion will be preferable” (emphasis mine). In People v Mallard (78 Misc 2d 858, 859) the court held that this matter "must rest with the Trial Judge” (emphasis mine). I must respectfully disagree. The Court of Appeals was no doubt cognizant of the fact that many, if not most, pretrial motions in the Criminal Court of the City of New York take place in the Calendar or All Purpose Parts, particularly those motions that may require hearings. I interpret the language "trial court” as referring to the court which has jurisdiction over the trial, and not the specific "Trial Judge” (cf. People v Jackson, 79 Mise 2d 814, 815). Accordingly, I hold this motion is properly before me.
The defendants, however, have failed to comply with the explicit and implicit procedures set forth in the Sandoval case. The court stated that in each case "the defendant shall inform the court of the prior convictions and misconduct which might unfairly affect him as a witness on his own behalf,” and that the trial court shall determine "to what extent the particular defendant has met his burden, and it is his, of demonstrating * * * the prejudicial effect of the admission of [such] evidence” (People v Sandoval, supra, p 378). It is thus incumbent on defendants in their motion papers to set forth the "specific criminal, vicious and immoral acts” that they seek to enjoin reference to during the trial. They must also allege facts demonstrating the prejudicial effect of the admission of such evidence for impeachment purposes which outweigh "the probative worth of such evidence on the issue of credibility as to warrant its exclusion” (People v Sandoval, supra, p 378; see also People v Thomas, N.Y.L.J., Jan. 22, 1975, p 20, col 3).
Nor is a defendant entitled to a pretrial hearing as a matter of right. In Sandoval the court stated (p 375) that the procedural vehicle is a motion "accompanied in rare instances, in *696 the discretion of the Judge to whom the motion is made, by an appropriate evidentiary hearing” (emphasis mine). The determination as to whether to grant a hearing can be best determined by the Judge after all motion papers have been filed.
Accordingly the motion is in all respects denied without prejudice to renewal upon papers consonant with this decision. [Balance of opinion omitted.]